### EDWARD M. MARSHALL *vs.* HIRAM B. BERRY.

A married woman has power under our statutes to make a valid disposition of specific articles of her separate personal property by a *donatio causa mortis*, without her husband's consent.

TORT in favor of the administrator of the estate of Abby L. Marshall for the conversion of three United States bonds and two United States treasury notes, of $100 each.

At the trial in the superior court, before *Morton, J.*, there was evidence tending to show that the intestate, who was the plaintiff's wife, died on the 17th of June 1865, leaving no child; that she was the owner of the property mentioned in the declaration, and while on her death-bed and then being under the immediate apprehension of death, she directed the defendant upon her decease to deliver the bonds to her brother Edward Berry as a *donatio causa mortis;* that at the same time she delivered to the

defendant for her mother the treasury notes, and directed him upon her decease to deliver them to her mother as a *donatio causa mortis.* Neither the mother nor the brother was present and there was no delivery to either in the lifetime of Mrs. Marshall. She died soon afterwards, leaving no debts, and no other property except to the value of five hundred and fifty dollars; and the defendant claimed said sum, as having been transferred and given to him by the intestate before her death, and had commenced a suit which is now pending to recover the same. Soon after Mrs. Marshall's death, and before the property had been delivered as directed by her, and before the plaintiff had taken out letters of administration, he notified the defendant not to deliver the bonds and treasury notes to the brother and mother respectively. The plaintiff was appointed as administrator on the 5th of July 1865, and in the latter part of the same month demanded the bonds and notes from the defendant, but not until after the same had been delivered to the brother and mother in pursuance of the directions of the deceased; and said delivery was without the knowledge of the plaintiff.

The defendant asked the court to instruct the jury that upon this evidence the plaintiff could not maintain this suit; but the judge declined so to rule, and instructed the jury that the plaintiff was entitled to a verdict for the value of the bonds and notes. The jury returned a verdict accordingly, and the defendant alleged exceptions.

*T. G. Kent,* for the defendant, cited *Sessions* v. *Moseley,* 4 Cush. 87; *Caldwell* v. *Renfrew,* 33 Verm. 213; *Albin* v. *Lord,* 39 N. H. 203; *Noble* v. *Smith,* 2 Johns. 52; *Huntington* v. *Gilmore,* 14 Barb. 243; *Ingham* v. *White,* 4 Allen, 412, 414; *Southard* v. *Plummer,* 36 Maine, 64.

*H. B. Staples,* (*W. F. Slocum* with him,) for the plaintiff. The Gen. Sts. *c.* 108, §§ 1–28, respecting the rights of married women, are in derogation of common law, and are not to be extended by implication. And there is a strong implication from various provisions of that chapter that the legislature did not contemplate giving to married women the right to dispose of their property in this manner. See §§ 3, 9, 29. Such a right would

render nugatory the restriction in § 9 on a married woman's power to make a will. A *donatio causa mortis* is testamentary in its character. 1 Story on Eq. § 607. 2 Kent Com. (6th ed.) 445. *Jones* v. *Selby,* Pre. Ch. 300. *Tate* v. *Hilbert,* 2 Ves. Jr. 111. Such a gift is not a contract, any more than a will is a contract. The statutes, by giving to married women the power to make a will, impliedly debar them from other modes of testamentàry disposition. And considerations of public policy forbid the sanction of the doctrine contended for by the defendant.

WELLS, J. The evidence tended to show a good *donatio causa mortis* of a part at least of the property claimed by the administrator. It was property which is now held to be capable of such disposition. Delivery to a third person for the intended donee, to be given to him after the decease of the donor, and actual receipt and acceptance by the donee after such decease, complete the conditions of such a gift and perfect the title in the beneficiary. *Sessions* v. *Moseley,* 4 Cush. 87. 1 Williams on Executors, (4th Amer. ed.) 686, *note.* It would seem, therefore, that the ruling of the judge who tried the case, directing a verdict for the plaintiff, must have been upon the ground which has been argued by the plaintiff's counsel here, namely, that a married woman is not authorized under our statutes to make such a disposition of her separate property.

The statutes relating to this subject declare that the property of a married woman " shall be and remain her sole and separate property," " and shall not be subject to the interference or control of her husband ; " that she " may bargain, sell and convey " it and " enter into any contracts in reference to the same," &c., " in the same manner as if she were sole." It may be true, as has been said, that these statutes, being in derogation of the common law rights of the husband, are to be construed strictly. But they must be construed in accordance with the apparent intention of the legislature. The statutes seem to evince an intention to clothe the wife with the complete and absolute control and power of disposal of her own property. By affixing certain limitations to that power, the intention to authorize its full exercise within those limitations is the more clearly shown.

Those limitations restrict her conveyances of real estate, and of shares in a corporation, and also all transactions between herself and her husband. They also limit the operation of her will to one half of her personal estate, unless her husband consent. None of these restrictions entitle the husband, for his own benefit, to invalidate a gift made by the wife. And it seems clear to us that the court are not called upon by any provision of statute or policy of the law, nor are they authorized, to impose any such restriction.

It is contended that a gift *mortis causa* is a testamentary disposition of estate, and therefore, if made by a married woman, would be contrary to the intent of Gen. Sts. *c.* 108, § 9, and, if sustained, would tend to defeat that provision. Although it is of a testamentary character in some of its incidents, and is said to have been deemed by the Roman law " of the nature of legacies ;" 1 Story on Eq. § 607; yet inasmuch as, by our law, an actual delivery, or some equivalent act, by the donor, in his lifetime, is necessary to its validity, we think it must be regarded as, in its essential character, a gift. The title passes by the delivery, defeasible, only in the lifetime of the donor, by revocation, either express, or implied by his recovery or some other act inconsistent with the gift and indicating a purpose to resume it. The death of the donor perfects the title, by terminating his right or power of defeasance. This mode of transmission can apply only to certain specific articles capable of passing by delivery, and not as a disposition of the donor's estate. If it purport to be such a disposition, that is, if it assume the province of a will, it is void. *Headley* v. *Kirby*, 8 Penn. State R. 326. It is not subject to probate, nor to contribution with legacies in case of insufficiency of assets, nor to any of the incidents of administration. The donor at his decease is held to be already devested of his property in the subject of the gift, so that no right or title in it passes to his personal representatives. The donee takes the gift, as it is said, not from the administrator, but against him. It is subject to debts ; but only in the same way as other voluntary conveyances and gifts would be. That the wife may thereby evade the provision of the statute, which

disables her from depriving her husband of more than half of her personal estate by her will, without his consent in writing, may be equally urged against any disposition of it in her life-time. This consideration does not protect the wife from such disposition of his estate by the husband. *Chase* v. *Redding*, 13 Gray, 418.

We see no reason for guarding the rights of the husband more tenderly than those of the wife. In the case of *Jones* v. *Brown*, 34 N. H. 439, the court seem to hold a contrary doctrine, both as to the nature of the gift, and the power of the wife to make it. But if the current of authorities be interpreted by the thing decided rather than by the phraseology used, it must result in the position before stated, that a *donatio causa mortis* is not a testament but a gift. *Nicholas* v. *Adams*, 2 Whart. R. 17–22, and *Dole* v. *Lincoln*, 31 Maine, 422, contain strong statements of this view of the subject.

The question of the power of the wife must be determined upon the statutes, and therefore the decision in New Hampshire can have little weight with us, except from its bearing upon the other point. Our statutes are broad and explicit. If the legislature intended that the wife should be restricted in this respect, it would have been so declared. In the absence of any provision of statute inconsistent with the right of the wife to dispose of her personal property in this manner, we must hold that she has the power.

The verdict must therefore be set aside and a new trial granted. *Exceptions sustained.**

---

* The books contain frequent expressions of regret that the validity of gifts *causa mortis* has ever been recognized. See *Ward* v. *Turner*, 2 Ves. Sen. 437, 438; *Duffield* v. *Elwes*, 1 Bligh N. R. 533 ; *Brown* v. *Brown*, 18 Conn. 414; *Brinckerhoff* v. *Lawrence*, 2 Sandf. Ch. 406 ; *Michener* v. *Dale*, 23 Penn. State R. 59. Accordingly it is held that all the requisite circumstances must be fully and clearly proved. *Walsh* v. *Studdart*, 4 Dru. & War. 159. *Thompson* v. *Heffernan*, Ib. 285. *Coutant* v. *Schuyler*, 1 Paige, 319. *Delmotte* v. *Taylor*, Redfield's Sur. R. 423. *Shirley* v. *Whitehead*, 1 Ired. Eq. 132, 133. Especially the delivery. *Cutting* v. *Gilman*, 41 N. H. 152. *Dole* v. *Lincoln*, 31 Maine, 422. *Hitch* v. *Davis*, 3 Maryland Ch 266. *Ward* v. *Turner*, 2 Ves. Sen. 442.

443. *Hawkins* v. *Blewitt*, 2 Esp. R. 663. And it has been said that the evidence of the donee alone should be held insufficient for this purpose. *Kenney* v. *Public Adm'r*, 2 Bradf. (N. Y.) 319, 321. And for general discussions of this class of gifts, see 2 Redfield on Wills, 296–324; 1 Williams on Executors, (4th Amer. ed.) 686, *note;* 1 White & Tudor's Lead. Cas. in Eq. 745; where the authorities are collected. To the point decided in the principal case, see also *Moore* v. *Darton*, 4 De G. & Sm. 519. A.